IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ariadna Ramon Baro, <br><br> Plaintiff, <br><br> v. <br><br> Lake County Federation of Teachers Local 504, IFT-AFT/AFL-CIO and Waukegan Community Unit School District #60 <br><br> Defendants. | No. 20-CV-2126 <br><br> Judge John F. Kness <br><br><br> **First Amended Complaint** |

1. Government employees have a First Amendment right not to be compelled to pay any dues or fees to a union unless an employee affirmatively consents to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). "[W]aiver cannot be presumed. Rather, to be effective, the waiver must be freely given and shown by 'clear and compelling' evidence." *Id*.

2. For a waiver of constitutional rights to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege. *Brookhart v. Janis*, 384 U.S. 1, 4 (1966).

3. In this case, the union membership card Plaintiff Ariadna Ramon Baro signed is not clear and convincing evidence that she provided affirmative consent to waive her right not to pay money to the union because it was not an intentional relinquishment of a known right or privilege.

4. Ms. Ramon Baro, therefore, brings this case under 42 U.S.C § 1983 and 28 U.S.C. § 2201(a), seeking declaratory relief, damages in the amount of the dues previously deducted from her paychecks, and punitive damages.

## PARTIES

5.	Plaintiff Ariadna Ramon Baro is J-1 Visa holder employed by Defendant Waukegan Community Unit School District #60 ("District").

6.	Defendant Lake County Federation of Teachers, Local 504, IFT-AFT/AFL-CIO ("Union" or "Local 504") is a labor union with offices at 248 Ambrogio Drive, Gurnee, Illinois 60031. Local 504 is the certified exclusive representative for the bargaining unit to which Ms. Ramon Baro belongs. The Union is a labor organization under Section 2(c) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(c).

7.	Defendant District has offices at 1201 North Sheridan Road, Waukegan, Illinois 60085. It serves nearly 17,000 students in preschool through grade twelve through its fifteen elementary schools, five middle schools, and a high school program. It is an educational employer under Section 2(a) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(a).

## JURISDICTION AND VENUE

8.	This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9.	Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Northern District of Illinois. 28 U.S.C. 1391(b)(2).

## FACTS

10.	Plaintiff Ariadna Ramon Baro is employed by the District as an English-as-a-second-language teacher for high school students. She is a J-1 Visa holder from Barcelona, Spain employed by the District under a cultural exchange program. The 2019-2020 school year is her first of three years that she will be employed by the District.

11. In August 2019, she attended an orientation meeting held by the District. During the orientation, the District provided information and training. The District also gave Local 504 time at the orientation meeting to speak about the union. During that presentation, Local 504's representative told Ms. Ramon Baro and her fellow teachers how much money in union dues they would have to pay and gave them a form to sign to join the Union. Ms. Ramon Baro was not told that joining or paying the Union was optional. Believing it to be required, she filled out the union membership form and turned it in to the representative. **Exhibit A**. At the time she signed the union membership agreement, she was unaware of the Supreme Court's *Janus* decision.

12. A few days later, Ms. Ramon Baro learned that union membership and paying the union was, in fact, not required.

13. On August 30, 2019, she sent letters both to the District and the Union resigning her membership. **Exhibits B** and **C**.

14. On September 13, 2019, a pair of the union representatives emailed the teachers of Ms. Ramon Baro's school, including Ms. Ramon Baro, to invite them to join the union. The initial email from one of the representatives, Cara Wyatt, stated, "I am contacting you to extend an invitation to join the Waukegan teacher's union." In response, another representative, Nathaniel Weber, stated "Just to clarify, you will pay union dues regardless of whether or not you are a member." **Exhibit D**. This statement by Mr. Weber was not true, but Ms. Ramon Baro did not know it was not true. In fact, the Supreme Court held in *Janus*, 138 S. Ct. at 2486, that requiring government employees to pay money to a union with their consent violates the First Amendment.

15. Ms. Ramon Baro believed the statement by Mr. Weber — that she would have to pay dues regardless of her union membership status — meant that her request to resign was effectively denied.

3

16. In January 2020, on her second paycheck of the month, the District began deducting dues from Ms. Ramon Baro's paycheck and remitting them to the Union.

17. On February 3, 2020, Ms. Ramon Baro again contacted her union representative and the payroll department of the District and explained that she wanted to resign her membership and stop paying dues. The payroll department of the District told Ms. Ramon Baro that they could not stop dues and she must speak to the Union. The President of Waukegan Council of Local 504, Andy Friedlieb, contacted her explaining that she would have to wait until August to resign her membership and stop union dues from being deducted. **Exhibit E.**

18. Ms. Ramon Baro filed her initial complaint in this case on April 3, 2020. On April 15, she received a letter from Local 504 President, Michael T. McGue, dated April 10, 2020, informing her that she is no longer a member of the Union, and that dues would stop being withheld from her paycheck. The letter also included a check for $829.30, representing "a full refund of all [Ms. Ramon Baro's] dues plus an additional five hundred dollars for your efforts in pursuing this matter." **Exhibit F**.

19. The District continued to withhold union dues from Ms. Ramon Baro's paycheck on behalf of the Union until the April 15, 2020 paycheck, from which dues were not withheld.

20. Ms. Ramon Baro responded to Mr. McGue's letter on April 17, 2020, referring him to her counsel, and returning the check. **Exhibit G**.

## CAUSE OF ACTION

**Local 504 and the District violated Ms. Ramon Baro's
First Amendment right to free speech by withholding
union dues from her paycheck without clear evidence that she
intentionally relinquished her right not to pay money to the Union.**

21. The allegations contained in all preceding paragraphs are incorporated herein by reference.

22. In *Janus v. AFSCME*, the Supreme Court held the First Amendment guarantees public employees a right to refrain from subsidizing a union and its speech. 138 S. Ct. at 2486. "By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed." *Id*. For a waiver to be effective, it must be freely given and shown by "clear and compelling" evidence. Without clear and affirmative consent by an employee before money is taken from them, this standard cannot be met. *Id*.

23. For a waiver of constitutional rights to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege. *Brookhart*, 384 U.S. at 4.

24. One cannot waive a constitutional right — intentionally relinquish a known right — without knowledge that they are entitled to that right and that they are engaging in an action to waive that right. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

25. Government employers and exclusive-representative unions cannot presume government workers have knowledge of their right not to pay money to the union under *Janus*. *Id*. at 465.

26. Thus, government employers and exclusive-representative unions may not withhold union dues or fees from government workers without clear and

convincing evidence that those workers have knowledge of their right not to pay money to a union.

27. At the time she signed the union membership card, Ms. Ramon Baro did not know she had a right to not subsidize the Union and did not know that by signing the union membership card she was relinquishing that right.

28. The District and the Union have never had clear and convincing evidence that Ms. Ramon Baro had knowledge of her right to not pay money to the union and intentionally relinquished that right.

29. The fact that Ms. Ramon Baro signed the union membership card is not clear and convincing evidence that she knew that she had a right to not join or pay money to the union or that she intentionally wished to relinquish that right.

30. The union membership card itself does not provide any indication that by signing it an employee waives their First Amendment right to not pay money to the Union. Nor did the Union or the District inform her of her right to not join or pay money to the Union before she signed the union membership card. And as a Spanish citizen working on a J-1 visa, Ms. Ramon Baro would especially have no reason to have knowledge of American constitutional law.

31. Worse, Ms. Ramon Baro was given false information by a union representative, asserting (wrongly) that teachers would have to pay union dues regardless of whether they were members or not. Thus, not only did Ms. Ramon Baro not have knowledge of her right not to subsidize the union, but she was informed (falsely) of the opposite — that she was required to subsidize the union no matter what.

32. When she contacted the Union, informing them that she had not understood her *Janus* rights, she was told that she would have to continue paying dues until August 2020.

6

33. Illinois law authorizes union dues deductions until a limited "opt-out window." 115 ILCS 5/11.1(a).

34. As a result, the District deducted dues from Ms. Ramon Baro's paycheck and gave them to Local 504 under color of state law.

35. Local 504 acted in concert with the District to collect union dues from Ms. Ramon Baro's paycheck without her knowing waiver and refused to allow her to cancel her dues until after she filed this lawsuit. In doing so, Local 504 acted under color of state law.

36. The actions of Local 504 and the District constitute a violation of Ms. Ramon Baro's First Amendment rights to free speech and freedom of association not to join or financially support a union without her affirmative consent freely given after knowing waiver.

37. Ms. Ramon Baro is entitled to a declaration that the union membership card she signed does not constitute clear and convincing evidence that she intentionally relinquished her right to not pay money to the Union because it does not provide evidence that she knew of this right or that she intentionally relinquished it by signing the union membership card.

38. Ms. Ramon Baro is entitled to a declaration that the actions of the District and Local 504 to withhold union dues or fees from her paycheck without clear and convincing evidence establishing that she intentionally relinquished her right to not pay money to the Union violate the First Amendment.

39. Ms. Ramon Baro is entitled to a declaration that the actions of the District and Local 504 to withhold union dues or fees from her paycheck without clear and convincing evidence establishing that she knew she had a right to not pay money to the Union violate the First Amendment.

7

40. Based on those declarations and findings, under 42 U.S.C. § 1983, Ms. Ramon Baro is entitled to damages in the amount of all dues deducted and remitted to Local 504 from April 2019 to present.

41. Ms. Ramon Baro is entitled to punitive damages against Local 504 because its actions were at a minimum recklessly indifferent to Ms. Ramon Baro's federally protected rights — if not maliciously motivated — given the fraudulent statement made by its representative, which caused Ms. Ramon Baro substantial personal and professional distress.

## PRAYER FOR RELIEF

Ms. Ramon Baro respectfully requests that this Court:

a. Declare that the union membership card she signed does not constitute clear and convincing evidence that she intentionally relinquished her right to not pay money to the Union because it does not provide evidence that she knew of this right or that she intentionally relinquished it by signing the union membership card;

b. Declare that the actions of the District and Local 504 to withhold union dues or fees from her paycheck without clear and convincing evidence establishing that she intentionally relinquished her right to not pay money to the Union violate her First Amendment rights;

c. Declare that the actions of the District and Local 504 to withhold union dues or fees from her paycheck without clear and convincing evidence establishing that she knew she had a right to not pay money to the Union violate her First Amendment rights;

d. Award damages against Local 504 for all union dues collected from her;

8

  e. Award punitive damages against Local 504 because its actions were at a minimum recklessly indifferent to Ms. Ramon Baro's federally protected rights — if not maliciously motivated — given the fraudulent statement made by its representative;

  f. Award her costs and attorneys' fees under 42 U.S.C. § 1988; and

  g. Award her any further relief to which she may be entitled and such other relief as this Court may deem just and proper.

Dated: April 24, 2020      Respectfully submitted,

            /s/ Jeffrey M. Schwab

            Jeffrey M. Schwab (IL Bar. No. 6290710)
            James J. McQuaid (IL. Bar. No. 6321108)
            Liberty Justice Center
            190 South LaSalle Street, Suite 1500
            Chicago, Illinois 60603
            Telephone (312) 263-7668
            Facsimile (312) 263-7702
            jschwab@libertyjusticecenter.org
            jmcquaid@libertyjusticecenter.org

            *Attorneys for Plaintiff*